FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 SEP 23 PM 12: 04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO.   07-423 |
| v. | * | SECTION:   R |
| ROBERT LABOURDETTE, JR. | * | VIOLATION: 21 U.S.C. § 841(a) |
| | | 21 U.S.C. § 846 |

\*   \*   \*

### FACTUAL BASIS

Should this matter proceed to trial, the United States will prove beyond a reasonable doubt, through credible testimony of special agents of the Drug Enforcement Administration ("DEA"), state and local law enforcement agencies, and the production of reliable evidence, the following facts:

MATT SAVONA, LISA SAVONA, ROBERT LABOURDETTE, JR., AMANDA LABOURDETTE, NEAL HIGGS, MINDY HIGGS, BRIAN FORET, and CARL AARON FLETCHER purchased pseudoephedrine pills for the purpose of manufacturing methamphetamine. The primary "cooks" of methamphetamine were NEAL HIGGS, MATT SAVONA, and CARL AARON FLETCHER. NEAL HIGGS also purchased the other supplies necessary to manufacture methamphetamine, such as propane tanks and batteries.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Within the last six months prior to their arrest, the LABOURDETTES purchased pseudoephedrine on approximately eight separate occasions, each time delivering the pills to the SAVONAS at the SAVONAS' residence. Specifically, for example, ROBERT LABOURDETTE delivered pills to LISA SAVONA on November 29, 2007, in order for MATT SAVONA and NEAL HIGGS to manufacture methamphetamine on that same day. The LABOURDETTES were paid about one gram of methamphetamine, at least three separate times, in exchange for purchasing the pills.

MATT SAVONA traveled from Hammond, Louisiana through Tangipahoa Parish, Louisiana to purchase pseudoephedrine at different pharmacies, while NEAL HIGGS traveled from New Orleans, Louisiana to Mississippi to purchase pseudoephedrine and other supplies necessary for cooking methamphetamine.

NEAL HIGGS began cooking methamphetamine and eventually manufactured methamphetamine in a shed provided by the SAVONAS over six months ago. NEAL HIGGS taught MATT SAVONA how to manufacture methamphetamine; soon thereafter both NEAL HIGGS and MATT SAVONA manufactured methamphetamine in the shed by the SAVONAS' residence. NEAL HIGGS and MATT SAVONA believed that cooking methamphetamine at the shed would be safe since MATT SAVONA was a Hammond police officer.

NEAL HIGGS and MATT SAVONA would yield approximately 10-14 grams of methamphetamine per "cook" and they would cook between 1-2 times a week. NEAL HIGGS and MATT SAVONA would split their yield of methamphetamine. NEAL HIGGS would sell his share of methamphetamine for $100 per gram and distribute some to FORET in exchange for pseudoephedrine pills, while MATT SAVONA would distribute some of the methamphetamine

to the LABOURDETTES and LISA SAVONA for personal use, in exchange for pseudoephedrine pills. NEAL HIGGS and MATT SAVONA would "consult" with FLETCHER on how to better manufacture methamphetamine and increase the quality of their product because FLETCHER himself had experience cooking methamphetamine. Not only would MINDY HIGGS purchase pseudoephedrine pills, but MINDY HIGGS would also aid NEAL HIGGS in the manufacture of methamphetamine. MINDY HIGGS and NEAL HIGGS would use methamphetamine in the presence of their minor child.

When NEAL HIGGS was arrested, he was caught at the SAVONAS' residence, located at 17086 Tycer Road, Tickfaw, Louisiana, in the midst of trying to destroy evidence of their conspiracy to manufacture methamphetamine. NEAL HIGGS drove up to the house, rushed inside, excited quickly and went to the shed behind the house. At this point, NEAL HIGGS removed several boxes containing materials used to manufacture methamphetamine and placed them in his car in order to destroy this evidence. NEAL HIGGS committed these acts pursuant to a telephone call from MATT SAVONA telling NEAL HIGGS to destroy this evidence in concealment from law enforcement once it was discovered that their co-conspirators, the LABOURDETTES, had been arrested.

When LISA SAVONA was arrested, she had gathered some methamphetamine and other materials used to manufacture methamphetamine in a cardboard box in order to remove these items from the house. This was done pursuant to another telephone call from her husband, MATT SAVONA telling her to do so.

Pursuant to a valid state search warrant signed by Judge Beth Wolfe, methamphetamine as well as several materials used in the manufacture of methamphetamine were found in both the

shed and residence of the SAVONAS. Some of the manufacturing materials found included plastic tubing, batteries, ammonia sulphate, drain cleaner, hose clamps, two dust masks (one mask had the name "Matt" on it and the other mask had the name "Neal" written on it), pill binding materials, seven-gallon propane tanks, dissolved lithium battery stripping sludge, and numerous boxes of medicines containing pseudoephedrine, such as Sudafed and Claritin, and some pharmacy receipts. Within five feet of the seized narcotics, the following firearms owned by MATT SAVONA were found: a Romarm/Cugir D.I.G. Va. Bch. Va. Romak 99.1 Cal. 7.62 X 39mm serial # 1-08782-99; a Smith and Wesson model SW40V serial # PAV5592; a Sentinel .22 caliber R-108 serial # 1977854, 1 Harrington & Richardson Inc. 12 gauge model SR serial # 504115; a Winchester .22 caliber LR model 290; a topper model 88, 20 gauge serial # AT211076.

The defendant admits that he purchased pseudoephedrine pills for the purpose of manufacturing methamphetamine and/or actually manufactured methamphetamine, and that he knowingly conspired to manufacture methamphetamine. The methamphetamine and pseudoephedrine pills, as well as the other evidence found, were sent to a DEA laboratory to be tested and analyzed. The result indicated that, based on all the materials and evidence found and gathered, 142.4 grams of *actual* methamphetamine could have been manufactured. A sample of methamphetamine found at the house was sent to the laboratory as well and determined to be 77.7% pure.

READ AND APPROVED:

_____          3/25/08
SIVASHREE SUNDARAM                       DATE
Assistant United States Attorney

_____          3/25/08
OSCAR ARAUJO                             DATE
Counsel for Defendant Robert Labourdette, Jr.

_____          3/25/08
ROBERT LABOURDETTE, JR.                  DATE
Defendant